UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL UPSHUR )
    Plaintiff, )
)
vs. )   Civil Action No.
)
GC SERVICES LIMITED PARTNERSHIP )
    Defendant, )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Michael Upshur, an individual consumer, against Defendant, GC Services Limited Partnership, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### *III. PARTIES*

3. Plaintiff, Michael Upshur, is a natural person with a permanent residence in Rochester, Monroe County, New York, 14609.

4. Upon information and belief the Defendant, GC Services Limited Partnership, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 6330 Gulfton, Houston, TX, 77081. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *IV. FACTUAL ALLEGATIONS*

6. Within one (1) year preceding the date of this Complaint, Defendant has been active engaged in connection with the collection of an alleged debt allegedly owed by the Plaintiff.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We can take your income tax returns."

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, repeated stated to Plaintiff that if he did not

make a payment immediately that Defendant would garnish Plaintiff's pay check right away.

9. In or before November of 2010, but within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to the Plaintiff that they would garnish his wages.

10. In or before November of 2010, but within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We're about to start garnishing your wages."

11. In or before November of 2010 but within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "You can either give me the phone number for your HR manager or you can give me a payment right now."

12. In or before November of 2010, but within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "If you can't get me a payment, you need to get me the phone number of your HR manager so that we can start garnishing your pay."

13. Upon information and belief, to date the Defendant has not garnished his wages.

## V. *CLAIM FOR RELIEF*

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in garnishment of wages of Plaintiff when Defendant or alleged creditor does not intend to take such action; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that Defendant does not intend to take and Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged deb; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Michael Upshur for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, GC Services Limited Partnership, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Michael Upshur, demands trial by jury in this action.

This 11 day of May, 2011.

ATTORNEY FOR PLAINTIFF
Michael Upshur
Respectfully submitted,

By: *(signature)*

Kevin J. Buckley, Jr., Esq.
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (978) 212-3300
Fax: (888) 712-4458